**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4928-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SAMUEL MOORE,

    Defendant-Appellant.

_____

Submitted February 27, 2019 – Decided April 24, 2019

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 86-10-3444.

Samuel Moore, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Samuel Moore appeals from an April 19, 2018 order denying his motion to correct an illegal sentence. Defendant contends that his concurrent sentences of between thirty years and life imprisonment for murder are illegal and require reversal. We only briefly discuss defendant's argument, as it is so lacking in merit as to not warrant much discussion in a written opinion. See R. 2:11-3(e)(2). We affirm.

On January 27, 1992, defendant was sentenced on his guilty pleas to two counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2). Defendant had been convicted by a jury in the 1986 bludgeoning deaths of his pregnant wife and eighteen-month-old son. Those convictions for capital murder were overturned on appeal, and his guilty pleas followed.

Defendant was sentenced to between thirty years and life pursuant to N.J.S.A. 2C:11-3(b)(1). The statute states: "a person convicted of murder shall be sentenced . . . to a specific term of years which shall be between [thirty] years and life imprisonment of which the person shall serve [thirty] years before being eligible for parole." The comment following adds: "[m]urder has always been a crime of the first degree, and, as amended in 2007, the statute provides for only three sentences: [thirty] years without parole; a specific term of years between [thirty] years and life imprisonment, with [thirty] years required to be

served before the person is eligible for parole; and life imprisonment without parole." Cannel, N.J. Criminal Code Annotated, cmt. 4 on N.J.S.A. 2C:11-3 (2018). Defendant seems to be arguing the language in the statute requires a number other than thirty years and life to be specified. That argument has no basis in the law or in logic. Thirty years is a number. The sentence in this case is within the statutory range for first-degree murder, and is therefore not illegal. See State v. King, 372 N.J. Super. 227, 243-44 (App. Div. 2004).

If defendant's argument is that the upper range of life is unlawful—that argument too misapprehends the law. Life imprisonment is available as an ordinary sentence that may be imposed for murder. Id. at 244. Thus, defendant's concurrent sentences of thirty years, without parole, to life are authorized by the statute.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4928-17T4